IN THE UNITED STATES BANKRUPTCY COURT
FOR THE Eastern DISTRICT OF PENNSYLVANIA

IN RE: Anita V. Tennant

CHAPTER 13

CASE NO. 15-14549 ELF

U.S. Bank, National Association, as Trustee for Asset Backed Securities Corporation Home Equity Trust, Series 2005-HE2, Asset Backed Pass-Through Certificates, Series 2005-HE2

Movant

vs.

Anita V. Tennant

Debtor(s)

and

William C. Miller, Esquire

Trustee

## STIPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

U.S. Bank, National Association, as Trustee for Asset Backed Securities Corporation Home Equity Trust, Series 2005-HE2, Asset Backed Pass-Through Certificates, Series 2005-HE2 ("Mortgagee") and Anita V. Tennant ("Debtor(s)"), through their respective counsel, hereby stipulate as follows:

1. The automatic stay as provided by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on Debtor's real property known as and located at: 2140 Fanshawe Street, Philadelphia, PA 19149.

3. The parties certify that the total post-petition delinquency as of June 1, 2016, is $3,200.76, consisting of post-petition payments from 2/1/2016 through 4/1/2016 at $532.10 per month and 5/1/2016 through 6/1/2016 at $529.38 per month, attorney's fees in the amount of $850.00 and filing fees in the amount of $176.00, less a suspense balance of $480.30.

4. Beginning with the payment due 07/01/2016, Debtor(s) shall pay the regular monthly mortgage payment, currently in the amount of $529.38, plus the additional sum of $533.46 toward the above delinquency for a total payment of $1,062.84 per month, payable on the first of each month, through and including 12/01/2016 until the account is brought current post-petition. All payments are to be made by **certified check or money order** and be made payable to Ocwen Loan Servicing, LLC. The address to which payments should be sent is 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Debtor(s) shall reference their loan number on any and all payments submitted pursuant hereto.

5. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by the mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

6. Should Debtor(s) fail to make any of the above described payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Mortgagee may send Debtor(s) and counsel a written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

7. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor(s) shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should the Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtor(s) and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

8. The parties agree that a facsimile signature shall have the same force and effect as an original signature.

_____
J. Eric Kishbaugh, Esquire
UDREN LAW OFFICES, P.C.
Attorneys for Mortgagee

_____
Brad J. Sadek, Esquire
Attorney for Debtor(s)

without prejudice to any
trustee rights or remedies    6/10/2016    NO OBJECTION
_____
William C. Miller, Trustee

APPROVED BY THE COURT THIS _____ DAY OF _____, 20_____.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE